# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| **ROY L. GILBERT** | |
| **Plaintiff,** | |
| v. | Case No. 14-2045 |
| **CAROLYN W. COLVIN,** **Acting Commissioner of Social Security,** | |
| **Defendant.** | |

## REPORT AND RECOMMENDATION

Plaintiff Roy L. Gilbert seeks review under 42 U.S.C. § 405(g) of the Social Security Administration's denial of his applications for disability insurance benefits and supplemental security income. The parties have filed cross motions for summary judgment. For the reasons explained below, the Court recommends that Plaintiff's Motion for Summary Judgment **(#15)** be **DENIED**, Defendant's Motion for Summary Judgment **(#17)** be **GRANTED**, and that the decision to deny benefits be affirmed.

### I.  Background

On April 18, 2011, Plaintiff filed an application for supplemental security income, alleging disability beginning October 1, 2010. Plaintiff's claim was denied initially on May 25, 2011, and upon reconsideration on November 4, 2011. Plaintiff, represented by counsel, appeared and testified at a video hearing before an Administrative Law Judge (ALJ), during which the ALJ heard testimony from Plaintiff and Bob Hammond, an impartial vocational expert.

On January 15, 2013, the ALJ issued an unfavorable decision (R. 7-24.) The ALJ found that Plaintiff has the severe impairments of lumbar impairment with continued pain post surgery; somatoform disorder (20 CFR 416.9209(c)). (R. 12.) The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d),

416.925, and 416.926). Additionally, the ALJ found that Plaintiff has the residual functional capacity (RFC) to perform

> "light work as defined in 20 CFR 416.967(b) except that he can never climb ladders, ropes, or scaffolds; can occasionally climb ramps or stairs; may have no more than occasional concentrated exposure to hazards such as dangerous, moving machinery, or unprotected heights; lacks the ability to understand, remember, and carry out detailed instructions, but retains the sustained concentration necessary for simple work of a routine and repetitive type; can perform no production line or fast-past work; may have occasional contact with the general public; and should experience no more than occasional changes in the work setting." (R. 14.)

The ALJ found that Plaintiff is unable to perform his past relevant work as a loader, but concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

Plaintiff argues that the ALJ erred when (1) relying on the consultative examiners' opinions, and (2) assessing Plaintiff's RFC and credibility.

## II. Standard of Review

In reviewing the ALJ's decision, this Court does not try the case *de novo* or replace the ALJ's findings with the Court's own assessment of the evidence. *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989). Instead, the Court must affirm the decision to deny benefits if the ALJ correctly applied the law and supported the decision with substantial evidence. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Stated differently, if reasonable minds could differ as to whether Plaintiff is disabled, the Court must uphold the ALJ's decision to deny benefits. *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996). Importantly, in order for the Court to evaluate the ALJ's analysis, the ALJ must build a "logical bridge from the evidence to his conclusion." *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

### III. Discussion

#### a. RFC and Credibility Determination

Plaintiff argues that the ALJ failed to properly evaluate Plaintiff's credibility and RFC. With regards to credibility, the ALJ found Plaintiff "credible as to the existence of his impairments" but did "not find credible his allegations regarding the severity and persistence of his symptoms as well as the functional limitations that they allegedly cause." (R. at 16.)

Plaintiff first points to the ALJ's use of boilerplate language, which the Seventh Circuit has found to be "meaningless." *Parker v. Astrue*, 597 F. 3d 920, 927 (7th Cir. 2010). Even Plaintiff, however, acknowledges that the ALJ "supported" her boilerplate. As the Seventh Circuit has found, "use of boilerplate is innocuous when *** the language is followed by an explanation for rejecting the claimant's testimony." *Schomas v. Colvin*, 732 F. 3d 702, 708 (7th Cir 2013). After introducing her decision with boilerplate language, the ALJ continued to explain her reasoning as discussed below.

Next, Plaintiff criticizes the ALJ's reference to Plaintiff's daily activities. The ALJ considered Plaintiff's activities of daily living including washing, shaving, personal hygiene needs, taking out the trash, attending parent-teacher conferences, driving, cooking, and shopping with the use of a motorized cart. (R. 13.) While the ALJ considered these activities, the ALJ also supported her credibility finding with additional evidence.

Plaintiff had back surgery in 2001 and again in 2002. After experiencing initial relief, he began to complain of pain again in 2010. Plaintiff saw Dr. Harvey in March 2011 where Plaintiff reported worsening back and leg pain. Dr. Harvey found Plaintiff to have generalized tenderness in the lumbar area, his movement to be "moderately restricted" in all directions, and that pain was elicited in all directions. Then in November 2011, Dr. Harvey saw Plaintiff again and reported normal muscle strength, gait, station, and posture. (R. 360.) At this time, Plaintiff also reported that the surgery "alleviated his intolerable pain" but left him with intermittent pain (R. 359.) Physical therapy notes from 2011 stated that Plaintiff was "able to perform all exercises without increase pain but still has some limitations of lumbar motion." (R. 342.) Plaintiff was told to use a bone growth stimulator, but Plaintiff failed to use it as directed.

Two state agency medical consultants reviewed Plaintiff's records. Dr. Andrews completed an RFC assessment in November 2011 and concluded that Plaintiff was able to occasionally lift 20 pounds, frequently lift 10 pounds, could stand or walk for about 6 hours and sit for about 6 hours in an 8-hour workday. (R. 324.) Dr. Andrews also concluded that Plaintiff has a medically determinable impairment, that the severity or duration of the symptoms was not disproportionate to the impairment, and that the severity of the symptoms was consistent with the total medical and nonmedical evidence. (R. 328.). Dr. Andrews opined that Plaintiff's "statements regarding DDD of the lumbar spine w/ antalgic gait are partially credible in light of the overall evidence," and that Plaintiff's "medically determinable impairment can be expected to produce some limitations in function, but the extent of the limitations described by [Plaintiff] exceed that supported by the objective medical findings cited above." (R. 330.)

Dr. Rohs also completed a RFC assessment in April 2011. Dr. Rohs found that Plaintiff could perform light work with no climbing of ladders, ropes, or scaffolds, occasional crawling and climbing of ramps or stairs, and frequent balancing, stooping, kneeling, and crouching. (R. at 266.) As with Dr. Andrews, Dr. Rohs found that claimant's statements were only partially credible in light of the overall evidence. (R. 271.)

Plaintiff also argues that the ALJ failed to account for the aggregate effects of all of Plaintiff's symptoms. Specifically, Plaintiff pointed to the severe, recurrent chest pain and depression reported by Plaintiff, as well as Plaintiff's somatoform disorder. However, the ALJ considered the opinion of Dr. Kuester, who opined that Plaintiff's somatoform disorder caused only mild restrictions in activities of daily living and maintaining social functioning and moderate difficulty in maintaining concentration, persistence, and pace. (R. 315). As the ALJ explicitly reviewed Dr. Kuester's findings when determining Plaintiff's RFC, Plaintiff's argument is unpersuasive.

The main error with Plaintiff's argument is that no medical opinion contradicted the ALJ's RFC finding. It is important to consider again the standard of review. This Court does not try the case *de novo* or replace the ALJ's findings with the Court's own assessment of the evidence. *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989). Instead, the Court must affirm the decision if the ALJ correctly applied the law and supported the decision with substantial

evidence. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). No medical opinion found that Plaintiff's limitations would prevent him from doing the jobs suggested by the vocational expert. The ALJ's RFC assessment is supported by the medical record and this Court recommends the ALJ's RFC and credibility decision be affirmed.

### b. Expert Opinions

Plaintiff also argues that the ALJ erred in relying on the consultative doctors' opinions because they did not have access to medical evidence recorded closer to the time of the ALJ decision. Plaintiff's argument relies primarily on the ALJ's consideration of Dr. Andrews' opinion discussed above.

Plaintiff contends that Dr. Andrews' assessment was internally inconsistent. Dr. Andrews found that Plaintiff's symptoms were caused by a medically determinable impairment and that the severity of the symptoms was not disproportionate to that impairment, but then also found Plaintiff to be only partially credible and that the extent of Plaintiff's limitations exceed that supported by the objective medical evidence. (R. 323-30.) In *Johnson v. Apfel*, the Seventh Circuit considered a case where the physicians had checked a box titled "limited" under the category of "reaching all directions (including overhead)". 189 F. 3d 561, 64 (7th Cir. 1999). The ALJ did not discuss the check box, but instead relied on the physicians' narrative reports which found an absence of exertional limitations. *Id*. The Seventh Circuit concluded that from the ALJ's thorough recitation of the evidence, it was reasonable to infer that the ALJ considered the check boxes along with the totality of the evidence, including the physicians' narrative opinions, in reaching her conclusion. *Id*.

As in *Johnson*, the ALJ in the present case thoroughly discussed the medical record and opinions in reaching her conclusion. (R. 14-17.) Dr. Andrews concluded that Plaintiff could perform light work with limitations consistent with the ALJ's RFC finding. The ALJ also reasonably relied on Dr. Andrews' narrative conclusion regarding Plaintiff's credibility with regards to the asserted limitations.

Plaintiff also argues that Dr. Andrews' opinion was incomplete as it was given over one year before the ALJ's decision and failed to consider the pain Plaintiff continued to experience after surgery. Dr. Andrews' opinion notes that Plaintiff had full strength and range of movement

with one exception at the time of the exam and that Plaintiff "did well in the immediate post op period." (R. 330.) Plaintiff argues that this opinion is incomplete because Plaintiff did not experience long term relief after his operation. However, the ALJ did consider the updated evidence and as a result, found that Plaintiff had greater limitations than supported by Dr. Andrews' opinion. These greater limitations are reflected in the ALJ's RFC determination.

The Seventh Circuit has stated that it "will not remand a case to the ALJ for further explanation if we can predict with great confidence that the result on remand would be the same. *Schomas v. Colvin*, 732 F. 3d 702, 708 (7th Cir 2013). Here, where no doctor or medical record supported a limitation greater than that found in the ALJ's RFC, this Court recommends the ALJ's decision be upheld.

### IV. Conclusion

For these reasons, the Court recommends that Plaintiff's Motion for Summary Judgment **(#15)** be **DENIED**, Defendant's Motion for Summary Judgment **(#17)** be **GRANTED**, and that the decision to deny benefits be affirmed. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 10th day of June, 2015.

                                                     s/DAVID G. BERNTHAL
                                        UNITED STATES MAGISTRATE JUDGE